## Hamilton *vs.* The Auditor.

Case 3.

'APPEAL FROM THE FRANKLIN CIRCUIT COURT.

1. Elementary authorities distinguish between sentence or judgment and conviction.
2. The 2nd clause, 24th section, Rev. Stat., contemplates a death in jail, of slave condemned to be hung, after *sentence* and before *execution*, not a death after *verdict* merely.
3. The circuit court has no right to fix value of slave condemned to be hung except at the time *when*, or *after* sentence, by 1st clause 24th section, Rev. Stat.

December 6.

Case stated.

Judge CRENSHAW delivered the opinion of the court.

After the slave of Hamilton was found guilty by the jury of a capital offense, and before sentence or judgment had been given against him, he was remanded to jail, and there, before judgment, died by his own hands; and the question is, whether Hamilton, the owner, is entiled to his value from the commonwealth.

The circuit court fixed the value of the slave at $900 after his death, notwithstanding no judgment had been pronounced.

The proceedings against the slave were all had since the adoption of the Revised Statutes, and the question must be determined by their provisions. On page, 641, section, 24, is the following provision : " When the court shall sentence to death a slave, the value of such slave shall be fixed by the court, and entered of record. If the slave be executed, or die in jail, after conviction, before the day of execution, the value, so fixed, shall be paid out of the public treasury to the master or owner, upon a presentation of a copy of the record, and certificate of the sheriff of the fact of the death or execution of the slave." And, on page 178, section 7, is this further provision : " The owner of a slave executed or condemned for felony, as prescribed in the chapter on slaves, &c., shall be paid such sum as shall be certified by the court, and upon the evidence being pro-

duced to the auditor as is required by law." These are the only provisions applicable to the subject.

It is true, as argued by the attornies of Hamilton, that according to the elementary authorities there is a distinction between sentence or judgment and conviction, and that a prisoner is said to be *convicted* when a jury has found him guilty, and before judgment or sentence; and thus considering the meaning of *conviction*, it would appear that, by virtue of the second clause of the said twenty-fourth section, the owner might be entitled to the value of the slave, notwithstanding sentence or judgment had not been given against him. But we are to ascertain, if we can, the meaning which the legislature applied to the term, "*conviction*," employed in the said section. And we apprehend that when the two clauses of the section are considered together, it will be found that the legislature meant by the term, "*conviction*," sentence or judgment. The first clause directs, that "*when* the court shall *sentence* to death a slave, the value of such slave shall be fixed by the court;" and the second clause reads: "If the slave be executed, or die in jail, after *conviction*, before the day of *execution*, the value *so fixed* shall be paid, &c. The legislature, in our opinion, used the word conviction in the second clause as synonymus with the word sentence in the first clause.

1. Elementary authorities distinguish between sentence or judgment and conviction.

The second clause evidently contemplates a death in jail after *sentence*, and before *execution*, consequent upon that sentence, and not a death after *verdict* merely. There could be no *execution* unless sentence had been pronounced, and this clause expressly mentions a death in jail *before* execution, which is certainly a death after sentence, as there could be no *execution* without a *sentence*.

2. The 2d clause 24th sec. Rev. Stat., contemplates a death in jail, of slave condemned to be hung, after sentence and before *execution*, not a death after *verdict* merely.

Besides, the court had no right to fix the value of the slave, except at the time *when* or after sentence, according to our understanding of the first clause of the twenty-fourth section.

4. The circuit court has no right to fix value of slave condemned to be hung except

Until sentence, a new trial might have been granted, and sentence might never have been given, as, upon a new trial, the slave might have been acquitted.

at the time *when or after* sentence, by 1st clause 24th sec., Rev. Stat.

It is not necessary to notice particularly the said seventh section above quoted, as it does not weaken, but rather strengthens, the view already taken. We know of no statutory provision which requires or anthorizes the auditor to pay for the slave under the circumstances of this case.

Wherefore, the judgment is affirmed.

BRICE and JAMES for plaintiff; HARLAN, Attorney General, for Commonwealth.